UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| STEVEN GUNN, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) No. 4:25-cv-00212-SEP |
| | ) |
| MRS. BUBLITZ, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

  Before the Court are self-represented Plaintiff Steven Gunn's motions: (1) Motion to Proceed *in forma pauperis*, (2) Motion to Appoint Counsel, (3) Motion for an Evidentiary Hearing, (4) and Motion for Leave to Permit Discovery Inspection and Production. Docs. [6], [7], [8], and [9]. Plaintiff brings this action under 42 U.S.C. § 1983 for alleged violations of his constitutional rights. On initial review under 28 U.S.C. § 1915A, the Court dismisses Plaintiff's complaint for failure to state a claim upon which relief may be granted. The Court denies his motions as moot.

**LEGAL STANDARD ON INITIAL REVIEW**

  Under 28 U.S.C. § 1915A(a), the Court must dismiss a complaint against the government if it is frivolous, malicious, or fails to state a claim upon which relief can be granted, or if it seeks monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b). To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. "Determining whether a complaint states a plausible claim for relief" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679. The Court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016); *see also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (court not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under 28 U.S.C. § 1915A, the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that, "if the essence of an allegation is discernible . . . then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir.2004)). But even pro se complaints must "allege facts, which if true, state a claim as a matter of law." *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone*, 364 F.3d at 914-15 (federal courts not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). And "procedural rules in ordinary civil litigation" need not be "interpreted so as to excuse mistakes by those who proceed without counsel." *McNeil v. United States*, 508 U.S. 106, 113 (1993).

## THE COMPLAINT

Plaintiff brings this action under § 1983 alleging that Defendants violated his constitutional rights when they found him guilty of possessing a contraband cell phone at Missouri Eastern Correctional Center (MECC). Plaintiff named the following MECC employees as Defendants: Mrs. Bublitz (Functional Unit Manager), Stephanie Easter (Case Manager), and Patricia Wickey (Warden). Plaintiff sues Defendants only in their individual capacities.

Plaintiff states that after searching the housing unit, CO Harris found a cell phone taped to the underside of a desk drawer in Plaintiff's cell. Doc. [1-4] at 4. Plaintiff alleges he was not aware of the cell phone. Plaintiff's cellmate accepted all responsibility for the phone, admitting that it was his alone. *See* Doc. [1-4] at 5. Despite this, on April 16, 2024, Plaintiff participated in a classification hearing presided over by COs Link, Brown, and Jones. *See* Doc. [1-4] at 7. Following the hearing, the officers found Plaintiff guilty because the cellphone was in a shared common area, indicating possession and ownership of all objects within that space. As discipline, officers placed Plaintiff in administrative segregation for two months. Doc. [1-4] at 4, 7, 8.

Plaintiff alleges Defendants violated his rights to due process under the Fourteenth Amendment because he was not given a fair and impartial hearing. He argues the criminal standard of "proof beyond a reasonable doubt" should have applied in the hearing. Doc. [1] at 4. He also alleges his due process rights were violated because he was not given "assistance in crafting a defense and in preparing for his disciplinary hearing before or prior to his hearing."

*Id.* He states he was not allowed to call witnesses and the hearing officers did not support their findings with fingerprints or other physical evidence. *Id.* at 5.

For relief, Plaintiff asks for his conduct violation to be dismissed and expunged from his record. He also seeks compensatory damages of between $25 and $2,500.

## DISCUSSION

Determining whether prison officials denied an inmate due process requires a two-step inquiry. *See Williams v. Hobbs*, 662 F.3d 994, 1000 (8th Cir. 2011). First, a plaintiff must demonstrate that he or she was deprived of life, liberty, or property by government action. *See Phillips v. Norris*, 320 F.3d 844, 846 (8th Cir. 2003); *see also Beaulieu v. Ludeman*, 690 F.3d 1017, 1047 (8th Cir. 2012) (stating that a court "need reach the question of what process is due only if the inmates establish a constitutionally protected liberty interest"); *Singleton v. Cecil*, 155 F.3d 983, 987 (8th Cir. 1998) (explaining that to claim a due process violation, plaintiff has to be deprived of either life, liberty, or property, otherwise "it does not matter whether one has received due process or not"). Once it has been established that a life, liberty, or property interest exists, the process necessary to protect that interest must be determined. *Williams*, 662 F.3d at 1000.

As neither life nor property is at issue here, Plaintiff must identify a liberty interest to state a due process claim. *See Phillips*, 320 F.3d at 847. Prisoners do have a protected liberty interest in avoiding conditions of confinement that impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484-87 (1995). But due to the prevalence of administrative segregation in prisons for non-punitive purposes, plaintiffs face a high bar in demonstrating that it imposes an 'atypical and significant hardship' in relation to ordinary prison life. *Id.* at 486 ("Conner's confinement [in disciplinary segregation] did not exceed similar, but totally discretionary, confinement [such as in administrative segregation] in either duration or degree of restriction."). Thus, even where segregation was "concededly punitive," the Supreme Court could not find that it "present[ed] a dramatic departure from the basic conditions of Conner's indeterminate sentence." *Id.* at 485. Moreover, as the Court further explained, such disciplinary actions do not necessarily impact an individual's release date. *Id.* at 487 ("The decision to release a prisoner rests on a myriad of considerations. And, the prisoner is afforded procedural protection at his parole hearing in order to explain the circumstances behind his misconduct record.") (citation omitted).

Applying Supreme Court precedent, the Eighth Circuit has held that "an inmate has no protected liberty interest in remaining in the general prison population absent a showing of discipline in segregated confinement which amounts to atypical, significant deprivation." *Wycoff v. Nichols*, 94 F.3d 1187, 1190 (8th Cir. 1996) (citing *Sandin*, 515 U.S. at 485). Under that precedent, absent a showing of "atypical, significant deprivation," Plaintiff's assignment to administrative segregation does not amount to a deprivation of liberty that could give rise to a due process claim. *See, e.g.*, *Sandin*, 515 U.S. at 485-86 (no atypical and significant hardship where inmate spent 30 days in solitary confinement); *Hemphill v. Delo*, 124 F.3d 208 (8th Cir. 1997) (unpublished) (same conclusion for 30 days in disciplinary segregation and 290 days in administrative segregation); *Wycoff*, 94 F.3d at 1190 (same conclusion for 10 days disciplinary detention and 100 days in maximum security cell). Because Plaintiff's placement in administrative segregation did not violate a protected liberty interest, due process protections are not applicable to the classification hearing. The Complaint thus fails to state a due process claim relating to Plaintiff's placement in administrative segregation.[1]

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave to Proceed *in forma pauperis*, Doc. [6], is **DENIED** as moot as Plaintiff has paid the filing fee.

**IT IS FURTHER ORDERED** that Plaintiff's claims are **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915A(b)(1).

**IT IS FURTHER ORDERED** that Plaintiff's (1) Motion to Appoint Counsel, (2) Motion for an Evidentiary Hearing, and (3) Motion for Leave to Permit Discovery, Docs. [7], [8], and [9], are **DENIED** as moot.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 19th day of December, 2025.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE

---

[1] To the extent Plaintiff objects to the use of a standard other than guilt beyond a reasonable doubt, he also fails to state a claim. Because Plaintiff's administrative classification hearing was not a criminal prosecution, he was not entitled to the full array of constitutional rights afforded to criminal defendants in that context. *See Hrbek v. Nix*, 12 F.3d 777, 780 (8th Cir. 1993).